

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-2008

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Torres" (2008). *2008 Decisions.* Paper 385.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/385

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1696

_____

UNITED STATES OF AMERICA

v.

IVAN TORRES
a/k/a
JOSE DE JESUS-CLAUDIO

Ivan Torres,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 98-cr-0362)
District Judge: Honorable Louis H. Pollak

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008

Before:  BARRY, AMBRO, and JORDAN, *Circuit Judges*.

(Filed:  October 9, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Pursuant to a plea agreement, Ivan Torres pled guilty to multiple counts of a superceding indictment, including counts for conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), murder for hire and aiding and abetting in violation of 18 U.S.C. § 1958, and possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 1924(c). As a result of his guilty plea and cooperation with government authorities, Torres received a sentence of 25 years' imprisonment, a fine, and five years' supervised release. On appeal, Torres argues that, because of his substantial cooperation, the District Court should have imposed a shorter sentence of imprisonment. Finding no merit in that argument, we will affirm.[1]

## I.    Background

Because we write only for the parties, we limit our recitation to those facts pertinent to our resolution of Torres's appeal. In exchange for a share of $25,000, Torres agreed to assist several other individuals in murdering Jose Hernandez and Jorge Martinez, two former members of a drug organization based in Philadelphia. On June 17, 1998, in Puerto Rico, Torres and an associate attempted to murder Hernandez, but, instead, they mistakenly killed Ricky Guevara-Velez, a friend of Hernandez's. Torres drove the vehicle used during the killing, and his associate fired the fatal shots.

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

After discovering that Hernandez had not been killed, Torres agreed to travel to Philadelphia and to kill Hernandez there. Along with several co-conspirators, Torres spent several days in Philadelphia preparing to carry out the killing. During the course of the conspirators' preparations, however, the FBI arrested Torres. After Torres was taken into custody, his co-conspirators were unable to locate Hernandez. On July 12, 1998, however, they succeeded in shooting and killing Martinez. Luis Garcia, Martinez's 17-year-old nephew, was also killed in that shooting.

After his arrest, and in return for the government's promise not to seek the death penalty against him, Torres provided substantial information to the government about the other members of the conspiracy. He also told the government about his participation in Velez's killing. Prior to receiving that information from Torres, the government "knew nothing about" Velez's murder. (Appellant App. at 89.) Torres also testified truthfully and extensively before a grand jury and during the trials of his co-conspirators.

Because of Torres's cooperation, the government agreed to move for a downward departure pursuant to 18 U.S.C. § 3553(e).[2] Pursuant to that agreement, the government recommended a sentence of 25 years' imprisonment, a substantial reduction from the

---

[2] 18 U.S.C. § 3553(e) provides in relevant part that:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

otherwise applicable mandatory minimum sentence of life imprisonment. The District Court accepted the government's recommendation.

## II.      Discussion

We understand Torres to be raising two distinct challenges to his sentence. First, he argues that, because of his cooperation with the government, the District Court should have granted a greater downward departure from his mandatory minimum sentence. Second, he argues that the District Court abused its discretion by failing to impose a lesser sentence pursuant to the sentencing factors set out in 18 U.S.C. § 3553(a).

We reject the first argument because we have consistently declined to review the extent of a downward departure granted by the District Court. *See United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006) (explaining that, even post-*Booker*, we do not review appeals by defendants challenging the extent of a downward departure).

We must also reject Torres's second argument. The Supreme Court has instructed that, when reviewing the sentence imposed by the District Court, we:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 128 S.Ct. 586, 597 (2007).

The Court then further explained that "[a]ssuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the

4

substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Thus, in reviewing the defendant's sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance. The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Torres does not point to any procedural errors by the District Court. Rather, the crux of his argument is that, in considering the § 3553(a) factors, the District Court failed to give sufficient weight to the extent of his cooperation with the government following his arrest. He also points out that he has been a model prisoner since his arrest. Notwithstanding Torres's post-arrest cooperation and conduct, however, the fact remains that he participated in cold-blooded killings for pecuniary gain. On this record, we cannot say that the District Court abused its discretion, particularly when the Court relied heavily on Torres's cooperation with the government in deciding to depart from the mandatory minimum sentence of life imprisonment that Torres otherwise faced.

III. **Conclusion**

For the reasons stated, we will affirm the sentence imposed by the District Court.